UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLADYS COLE BANKS,<br><br>　　　　Plaintiff<br>　v.<br><br>CLARK COUNTY DETENTION CENTER, et. al.,<br><br>　　　　Defendants | Case No. 2:23-cv-01219-JAD-EJY<br><br>**Order Dismissing<br>and Closing Case** |

　　　　Plaintiff Gladys Banks filed this civil-rights lawsuit to redress constitutional violations that she claims she suffered while detained at Clark County Detention Center (CCDC).  On April 24, 2024, this court denied Banks's applications to proceed *in forma pauperis* for an inmate and ordered her to do one of two things by May 31, 2024: (1) file a complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $402.[1]  The court warned Banks that this case would be dismissed and closed if she failed to follow these instructions.[2]  Banks neither filed a complete application to proceed *in forma pauperis* for non-prisoners nor paid the full filing fee of $402 by the deadline.  Banks also did not move for an extension of time to do so.

　　　　The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[3]  In determining whether to dismiss an action on this ground, the court must

---

[1] ECF No. 7 at 1.

[2] *Id*. at 1–2.

[3] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7]  Because this action cannot proceed until and unless Banks files a complete application to proceed *in forma pauperis* for non-prisoners or pays the full filing fee of $402, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and

---

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

squanders finite resources along the way.  The circumstances here do not indicate that this case will be an exception: there is no hint that Banks needs additional time nor evidence that she did not receive the court's order.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to file a complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $402 by the court-ordered deadline.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**

Dated: June 12, 2024

_____
U.S. District Judge Jennifer A. Dorsey